# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHICAGO TRIBUNE COMPANY, LLC,   )
                                             )
               **Plaintiff,**       )
                                             )
**v.**                                     )
                                           )     **Case No.  13-2157-CM**
**MASTERPIECE MARKETING**    )
**GROUP, LLC,**                  )
                                           )
              **Defendant.**     )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on the following motions filed by defendant Masterpiece Marketing Group, LLC ("MMG"):

- Motion to Dismiss Count II (Doc. 6)

- Motion for Judgment on the Pleadings as to Count I of Defendant's Counterclaim for Breach of Contract (Doc. 14)

Plaintiff Chicago Tribune Company, LLC ("Tribune") brings this diversity action against MMG alleging two counts of breach of contract and one count of conversion.  The parties have stipulated to the dismissal of Count I of the breach-of-contract claim (Doc. 31).  MMG filed a four-count counterclaim against Tribune, and it moves for judgment on the pleadings on Count I of that counterclaim, for breach of contract.  MMG did not file a reply for either of its motions.  For the reasons below, the court denies both motions.

## I.    Factual Background

On or about December 29, 2009, the Tribune and MMG entered into an agreement ("Agreement").  Under the terms of the Agreement, MMG agreed to market and sell certain Tribune original photographs ("Tribune Photographs").  In exchange for MMG's marketing and selling of the

Tribune Photographs, the parties agreed to a "50-50 revenue split" of proceeds received from the sale of the Tribune Photographs. Tribune alleges the Agreement required MMG to immediately return all Tribune Photographs in its possession to Tribune upon expiration or termination of the Agreement.

Tribune alleges that the Agreement expired on December 29, 2012, and that MMG did not return, and has not returned, any Tribune Photographs in its possession. Tribune argues that its counsel sent a demand letter to counsel for MMG on or about March 19, 2013, demanding return of the Tribune Photographs to Tribune. Tribune contends that MMG has still not returned the Tribune Photographs in its possession. Tribune alleges that MMG's failure to do so constitutes a breach of the Agreement and that Tribune has suffered damages.

In Count I of its counterclaim, MMG alleges that the Agreement required Tribune to ship a minimum of at least 20,000 photos per week or 88,000 photos per month over the term of the Agreement. MMG alleges that Tribune's failure to meet this requirement in any of the thirty-six months during the term of the Agreement is a breach, and that MMG was damaged by this breach.

## II. Legal Standard

The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable

inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

A Rule 12(c) motion for judgment on the pleadings is analyzed under the same standards as a Rule 12(b)(6) motion to dismiss. *Trujillo v. City of Newton, Kan.*, No. 12-2380-JAR, 2013 WL 3337842, at *1 (D. Kan. July 2, 2013) (citing *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012)). "A motion for judgment on the pleadings should not be granted unless the movant has clearly established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter of law." *Id.* (citation omitted); *see also Denver Health & Hosp. Auth. v. Beverage Distribs. Co., LLC*, No. 12-1355, 2013 WL 5539624, at *2 (10th Cir. Oct. 9, 2013) (citation omitted).

### III.     Discussion

Each motion here involves breach of contract claims. Under Kansas law,[1] breach of contract requires the following elements: "(1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff was damaged by the breach." *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003) (citation omitted).

**Motion to Dismiss Count II (Doc. 6)**

In Count II, Tribune alleges that MMG breached the Agreement by failing to immediately return the Tribune Photographs in its possession after termination of the Agreement. Tribune's complaint alleges facts sufficient to state a claim for breach of contract. First, the complaint alleges the existence of a contract between the parties. Second, the complaint alleges consideration, in that MMG agreed to market and sell the Tribune Photographs in exchange for sharing in the profits from

---

[1]     The Agreement provides that the law of the venue of the defending party will govern. For Tribune's claims in the motions to dismiss, MMG (located in Kansas) is the defending party. For MMG's counterclaim in the motion for judgment on the pleadings, Tribune (located in Illinois) is the defending party. Because Illinois and Kansas law do not differ on this issue, the court applies Kansas law for the purposes of this motion.

those sales. Third, although not specifically pleaded, there is a reasonable inference (construed in plaintiff Tribune's favor) that Tribune delivered the Tribune Photographs to MMG to sell, as Tribune demanded return of the Tribune Photographs and all past-due royalties. Fourth, Tribune alleges MMG breached the contract by its failing to immediately return the Tribune Photographs in its possession after termination of the Agreement. And fifth, Tribune alleges it was damaged by MMG's breach.

MMG's motion raises only factual disputes that cannot be resolved on a motion to dismiss. And any factual disputes are resolved in Tribune's favor. *See Kelly v. Oakwood Manor Apartments*, No. 04-4086-JAR, 2004 WL 2378838, at *1 (D. Kan. Oct. 18, 2004) (citation omitted). MMG raises arguments that (1) MMG had insufficient notice of Tribune's demand for return of the Tribune Photographs; (2) MMG's failure to return the Tribune Photographs is excusable for various reasons; and (3) Tribune's notice of non-renewal did not comply with the terms of the Agreement. These factual disputes are resolved in Tribune's favor; MMG's arguments fail. *See id*.

Finally, MMG argues that Tribune's pleading of its damages fails to comply with K.S.A. § 60-208(a)(2) (requiring that a claim for damages in a breach of contract case allege a specific amount of damages). But this court, sitting in diversity, applies its own procedural rules. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir. 1996). Tribune's claim for damages "amounting to more than $75,000" is sufficient. MMG's motion is denied.

## Motion for Judgment on the Pleadings as to Count I of Defendant's Counterclaim for Breach of Contract (Doc. 14)

Count I of MMG's counterclaim alleges that Tribune was required to provide Tribune Photographs to Image Fortress at the rate of at least 20,000 photographs per week (88,000 per month) over the term of the Agreement. MMG alleges Tribune breached the Agreement by failing to ship 88,000 photos per month during any of the thirty-six months of the Agreement. And MMG claims it is

entitled to judgment on the pleadings because it alleges Tribune has admitted its breach and because the pleadings show all other elements of a breach of contract claim have been met.

The court does not agree that the pleadings show MMG should prevail on Count I of its counterclaim. First, as to the elements of a breach of contract claim, Tribune's answer expressly denies that MMG has suffered damages. And although part of Tribune's answer admits that it did not ship 88,000 Tribune Photographs in each month at issue, the rest of the answer denied the remaining allegations regarding any alleged breach of the Agreement. Further, Tribune denied that it was under any obligation to ship Tribune Photographs to *MMG* or to satisfy any monthly quotas. Tribune has also raised affirmative defenses to MMG's breach of contract claim. MMG has not shown that there are no material facts to be resolved or that it is entitled to judgment as a matter of law. MMG's motion is denied.

**IT IS THEREFORE ORDERED** that defendant MMG's Motion to Dismiss Count II (Doc. 6) is denied.

**IT IS FURTHER ORDERED** that defendant MMG's Motion for Judgment on the Pleadings as to Count I of Defendant's Counterclaim for Breach of Contract (Doc. 14) is denied.

Dated this 14th day of November, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**