IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHICAGO TRIBUNE COMPANY, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> MASTERPIECE MARKETING GROUP, LLC, a Kansas limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 13-2157-CM-KGG ) ) ) ) ) ) ) |

## **MEMORANDUM & ORDER**

Now before the Court is Plaintiff's Motion to Compel seeking financial statements from 2009 to the present, general ledger from 2008 to the present, and tax returns from 2008 through 2012 in response to Plaintiff's Requests for Production Nos. 34, 35, and 36. (*See* Doc. 37, at 3.) Defendant has made no response to the substance of Plaintiff's motion and the Court finds Defendant's procedural arguments to be unpersuasive. Plaintiff's motion is, therefore, **GRANTED**.

Defendant has also filed its "Motion for Leave to Add an Additional Party, File a Third party Complaint, File an Amended Answer and File an Amended Counterclaim." (Doc. 39.) This motion is also **GRANTED**.

1

**BACKGROUND**

Plaintiff brings this action seeking damages for breach of contract under an agreement between the parties for Defendant to market and sell certain original photographs owned by Plaintiff. (*See generally* Doc. 1.) Plaintiff alleges that Defendant failed to pay royalties on photographs sold and failed to return photographs. (*Id.*) Plaintiff also brings a claim for conversion. Defendant filed a counterclaim alleging in relevant part that Plaintiff failed to provide the necessary number of photographs, resulting in damages to Defendant of $7.9 million to $18.75 million. (*See* Doc. 7, at 4, *et seq*.)

Defendant's responses to the discovery requests at issue were served on September 30, 2013, which included voluminous documents. (Doc. 26.) After reviewing the written responses and documents produced, Plaintiff sent a "golden rule" letter on October 24, 2013, including a deadline of October 31, 2013, for Defendant to respond. The parties also exchanged email and engaged in telephone conversations regarding these discovery issues. Plaintiff then scheduled a pre-motion conference with the undersigned Magistrate Judge in an effort to resolve these issues without filing a motion. The conference occurred on November 25, 2013, but was unsuccessful.

The Scheduling Order agreed upon by the parties in this matter included a deadline to join additional parties or to otherwise amend the pleadings within 30

days after a ruling on pending motions to dismiss. (Doc. 18, at 6.) The District Court entered its Memorandum & Order (Doc. 33) denying Defendant's Motion to Dismiss Count II of Plaintiff's Complaint on November 15, 2013. Defendant filed the present motion (Doc. 39) on December 15, 2013. Plaintiff does not oppose Defendant's request to amend its Answer. (*See* Doc. 44.) Plaintiff "only opposes [Defendant's] request to add Image Fortress Corporation ("Image Fortress") as a third-party defendant and file its proposed third-party complaint against Image Fortress." (*Id.*)

## ANALYSIS

**I.   Motion to Compel (Doc. 37).**

Defendant argues that the present motion should be denied because Plaintiff did not comply with D. Kan. Rules 37.1 and 37.2. Pursuant to D. Kan. Rule 37.1(b),

> [a]ny motion to compel discovery in compliance with Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer or objection is waived.

D. Kan. Rule 37.2 states in relevant part that

> [t]he court will not entertain any motion to resolve a discovery dispute pursuant to Fed.R.Civ.P. 26 through 37, . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer

3

> with opposing counsel concerning the matter in dispute
> prior to the filing of the motion. Every certification
> required by Fed. R. Civ. P. 26(c) and 37 and this rule
> related to the efforts of the parties to resolve discovery or
> disclosure disputes must describe with particularity the
> steps taken by all attorney to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing
> or faxing a letter to the opposing party, It requires that
> the parties in good faith converse, confer, compare views,
> consult and deliberate, or in good faith attempt to do so.

The only arguments Defendant has raised in response to Plaintiff's motion are the procedural issues that Plaintiff did not comply with either of these rules because the motion was not filed within 30 days of the service of Defendant's discovery responses and Plaintiff did not make a reasonable effort to confer with Defendant prior to filing the motion. (*See generally* Doc. 41.) The Court is not persuaded by either of these arguments.

The Court acknowledges that the present motion was not filed within 30 days of service of Defendant's discovery responses. Even so, the Court is satisfied that Plaintiff has established good cause under D. Kan. Rule 37.1 for filing the motion when it did. Plaintiff's "golden rule" letter was sent a full week before the deadline for a timely filed motion to compel. Plaintiff went to the additional effort of arranging and participating in a pre-motion conference in an attempt to resolve these discovery issues without filing a motion. The Court will not penalize Plaintiff for these efforts to resolve the underlying disputes, especially when the

4

efforts began within the time frame established by D. Kan. Rule 37.1. Further, Plaintiff's "golden rule" letter, email, telephone calls, and pre-motion conference constitute sufficient efforts to confer pursuant to D. Kan. Rule 37.2.

Defendant has not made any response to the substance of Plaintiff's motion to compel. Although Defendant raised certain objections to the discovery requests at issue, it did not address or include these objections in response to Plaintiff's motion. Defendant's failure to do so in response to Plaintiff's motion to compel constitutes a waiver of any such arguments. *Cooper v. Old Dominion Freight Line, Inc.*, No. 09–2441–JAR, 2011 WL 251447, at *2 (D.Kan. Jan.25, 2011) (holding that a discovery objection not relied upon in response to a motion to compel is waived). Having been unpersuaded by Defendant's procedural arguments, the Court, therefore, **GRANTS** Plaintiff's motion as substantively uncontested. The Court will, however, discuss the substance of Plaintiff's motion.

The discovery request at issue seek Defendant's financial statements from 2009 to the present, general ledger from 2008 to the present, and tax returns from 2008 through 2012. (*See* Doc. 37, at 3.) Although waived in Defendant's motion response, Defendant initially objected that these requests seek irrelevant information, are harassing, and have the purpose of delaying or increasing the cost of litigation. (*Id.*, at 3-4.)

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." *Teichgraeber v. Memorial Union Corp. of Emporia State University*, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991). The scope of discovery is broad, but not unlimited. If the proponent has failed to specify how the

information is relevant, the Court will not require the respondent to produce the evidence. *Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan. 1995).

Plaintiff contends that the financial information requested is relevant to the damages Defendant seeks in its counterclaim. While enumerating specific examples of how the documents are relevant, Plaintiff generally argues that it "needs to understand [Defendant's historical income and expenses to accurately assess the lost profits [Defendant] now claims against [Plaintiff]." (Doc. 37, at 8-9.) Given the broad definition of discovery "relevance," Plaintiff's stated need for the information, and Defendant's lack of a substantive response, the Court finds that the documents requested should be produced.

The Court notes that this District typically employs a more stringent, two-pronged test for the production of requested tax returns. *Hilt v. SFC Inc.*, 170 F.R.D. 182 (D. Kan. 1997).

> 'First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.' 'The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable.'

*Id.* (quoting ***Audiotext Communications Network, Inc. v. US Telecom, Inc.***, No. 94–2395–GTV, 1995 WL 625962, at *11 (D.Kan., Oct. 5, 1995) (citations omitted)).

The Court finds that Plaintiff has established both the relevance and need for the tax returns. Plaintiff argues that the tax returns, "submitted to the government under penalty of perjury, provide an important means to verify [Defendant's] revenues and expenses . . . and assess [Defendant's] damage claims." (Doc. 37, at 9-10.) Plaintiff also states Defendant has "represented . . . that [it] does not maintain several of the financial statements requested . . . ." (*Id.*, at 10.) Thus, the tax returns "may be the only way for [Plaintiff] to obtain this important information." (*Id.*) Once the burden shifted to Defendant, Defendant failed "to show that other sources exist from which the information is readily obtainable." ***Audiotext***, 1995 WL 625962, at *11.

Plaintiff's motion (Doc. 37) is, therefore, **GRANTED**. Defendant shall respond fully to Requests for Production Nos. 34, 35, and 36, without objection, within **fourteen (14) days** of the date of this order.

**II.    Motion for Leave to Add an Additional Party, File a Third party Complaint, File an Amended Answer and File an Amended Counterclaim (Doc. 39).**

Plaintiff raises three arguments for denying Defendant's motion. First, Plaintiff contends that adding Image Fortress will "dramatically amend the existing

8

scheduling order and unnecessarily delay the resolution of this lawsuit." (Doc. 44, at 2.) The Scheduling Order entered in this case has been suspended and remaining deadlines have been cancelled as a result of this motion. (*See* Doc. 53, Minute Order.) The Court, therefore, will not deny Defendant's motion on this basis.

Next, Plaintiff argues that Defendant "has long known that Image Fortress might be a 'contingently necessary party,' as it now claims." (Doc. 44, at 2.) Defendant does not deny this. Defendant did not, however, make the decision to add Image Fortress until after the parties engaged in mediation and Plaintiff responded to Defendant's discovery requests, at which time it became apparent to Defendant that Plaintiff "was claiming that they had no obligation to ship photos to" Defendant. (Doc. 54, at 2.) It was then that Defendant made the timely determination that Image Fortress "would now be a contingently necessary party." (*Id.*) The Court is, therefore, not persuaded by Plaintiff's second argument.

Finally, Plaintiff argues that adding Image Fortress will be "futile" because the forum-selection clause of the parties' agreement would require Defendant's claims against Image Fortress to be made in a Massachusetts court. (Doc. 44, at 2-3.) Defendant responds that, pursuant to the forum-selection clause, "[o]nce Plaintiff filed suit against [Defendant] in Kansas then 'the parties to this Agreement hereto submit to the jurisdiction of the defendant party.'" (Doc. 54, at

9

3.)  Therefore, according to Defendant, Image Fortress "has already agreed that Kansas is the proper venue since that is where the lawsuit was filed." (*Id*.)  As Defendant points out, the subsequent filing of its counterclaim against Plaintiff, a Delaware company, did not defeat venue in Kansas, which was established upon Plaintiff filing the initial Complaint here.  (*Id*.)

The Court anticipates that the litigation may be delayed while the parties "dispute the proper venue," as Plaintiff argues.  This is not, however, a sufficient reason for the Court to deny Defendant's Motion.  Defendant's "Motion for Leave to Add an Additional Party, File a Third party Complaint, File an Amended Answer and File an Amended Counterclaim" (Doc. 39) is, therefore, **GRANTED**.

**IT IS SO ORDERED.**

Dated this 19th day of February, 2014, at Wichita, Kansas.

S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE